# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

JOHN ESPOSITO

(Name and Address of Defendant)

**FILED**
JUL 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE DENLOW

CRIMINAL COMPLAINT

CASE NUMBER: **08 CR 565**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __July 17, 2008__ in __Cook__ County, in the __Northern__ District of __Illinois__ defendant(s) did, (Track Statutory Language of Offense)

intentionally and forcibly assault a federal officer, Federal Bureau of Investigation Special Agent Brian Etchell, while he was engaged in the performance of his official duties and in doing so, physically contacted Special Agent Etchell by pushing him, rushing at him, and engaging in a physical struggle with him;

in violation of Title __18__ United States Code, Section(s) __111(a)__.

I further state that I am a(n) __Special Agent, FBI__ and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  __X__ Yes    ____ No

_Signature of Complainant_

Sworn to before me and subscribed in my presence,

JULY 17, 2008                                at Chicago, Illinois
Date                                         City and State

MORTON DENLOW, U.S. MAGISTRATE JUDGE         _Morton Denlow_
Name & Title of Judicial Officer             Signature of Judicial Officer

## **A F F I D A V I T**

I, ALAN W. REINER, being duly sworn under oath, state as follows:

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") for approximately 4½ years and am assigned to a public corruption squad, where I investigate criminal violations involving federal, state, and local public officials and government contract fraud.

2. The facts of the incident set forth below are based upon my own personal observation of events described. The background facts are based on information received from other agents and documents I have reviewed.

3. On the basis of this information, I allege facts contained herein to show that there is probable cause to believe that defendant John Esposito intentionally and forcibly assaulted a federal officer, Federal Bureau of Investigation Special Agent Brian Etchell, while he was engaged in the performance of his official duties and in doing so, physically contacted Special Agent Etchell by pushing him, rushing at him, and engaging in a physical struggle with him; in violation of Title 18, United States Code, Section 111(a).

4. The information contained in this affidavit is in summary form. This Affidavit does not contain all information known to me regarding this investigation. Any discussion of conversations

contains the substance of words discussed, and is not necessarily an exact quotation of all statements made during the conversation.

5. On information and belief, John Esposito is the president and owner of a business located in Franklin Park, Illinois.

6. This morning, Thursday, July 17, 2008, I and other FBI agents, including Special Agent Etchell, were executing a search warrant at a portion of the business owned by Esposito. Esposito unlocked the door for agents. At that time, Special Agent Etchell identified himself to Esposito as an FBI agent. Special Agent Etchell showed his credentials to Esposito.

7. While the warrant was being executed, Special Agent Etchell and I were conducting a voluntary interview of Esposito in his office at the business. At the beginning of the interview, Special Agent Etchell and me identified ourselves as FBI agents.

8. During the interview, we discussed whether another business was acting as a fraudulent minority business enterprise ("MBE"), functioning as an improper pass-through for Esposito's business.

9. Esposito denied the allegation, and invited Special Agent Etchell and me to walked with him to an outdoor area on the grounds of his business, in order to show us what he claimed was inventory belonging to the MBE. We did so.

10. Esposito pointed to certain inventory and a sign with the name of the MBE. He identified certain materials as belonging to the MBE. Esposito said that since this material belonged to the MBE, everything that Special Agent Etchell and I had said was [expletives.]

11. Special Agent Etchell pointed to the sign and asked how long the sign had been present. (The sign looked new. Agents had received information as part of the FBI investigation that the sign and the inventory area supposedly belonging to the MBE had been recently added, in response to an interview from a representative of another government agency.) Esposito and Special Agent Etchell were standing close to each other.

12. Esposito responded by directing another expletive at Special Agent Etchell and pushing Special Agent Etchell.

13. Special Agent Etchell pushed Esposito away.

14. Esposito then rushed at Special Agent Etchell. Esposito was then on top of Special Agent Etchell on the ground. The two continued to struggle.

15. Special Agent Etchell was armed at the time. He told me after the incident that he was covering his gun to protect it when Esposito assaulted him.

16. I jumped on Esposito and attempted to pull him off. Several workers of the business then arrived and assisted me in separating Esposito from Special Agent Etchell.

17. Following the assault, we placed Esposito under arrest.

18. I have spoken with Special Agent Etchell, who reports that he has a sore neck and upper back and a scraped left elbow.

19. Based on the facts described above, I submit that there is probable cause to believe that defendant John Esposito committed the violation of Title 18, United States Code, Section 111(a), set forth in the complaint.

FURTHER AFFIANT SAYETH NOT.

*Alan W. Reiner*
ALAN W. REINER
Special Agent
Federal Bureau of Investigation

SWORN and SUBSCRIBED to before me this 17TH day of July, 2008.

*Morton Denlow*
MORTON DENLOW
United States Magistrate Judge