UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 565 |
| | ) | |
| JOHN ESPOSITO | ) | Chief Judge James F. Holderman |

**GOVERNMENT'S AGREED FIRST MOTION FOR AN EXTENSION
OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 60-day extension of time, to and including October 17, 2008, in which to seek the return of an indictment against the defendants. As noted below, defendant agrees to this Motion.

In support of this Motion, the government states:

1. On July 17, 2008, the FBI executed a search warrant at the premises of a business owned by defendant John Esposito.

2. Mr. Esposito unlocked the door for agents, and subsequently engaged in a voluntary interview with FBI agents concerning whether another business was acting as a fraudulent pass-through minority business enterprise on behalf of Mr. Esposito's business. During the course of the interview, Mr. Esposito assaulted one of the agents conducting the interview, pushing and then rushing the agent, leading to a struggle between the two on the ground.

3. Mr. Esposito was arrested, and a Complaint was signed later on July 17 by Magistrate Judge Denlow. (Dkt #1) Mr. Esposito was charged with assault on a federal officer, in violation of 18 U.S.C. § 111(a).

4. Mr. Esposito had an initial appearance that afternoon, and was released on a $4,500 OR bond.

5. Mr. Esposito has retained James Streicker and Terrence Campbell as his counsel. Mr. Streicker and Mr. Campbell waived a preliminary hearing on behalf of defendant. (Dkt#7)

6. The search warrant that was executed at Mr. Esposito's business is part of an ongoing investigation into possible violations of the mail fraud law, 18 U.S.C. §1341.

7. A number of factors have led to the government's request for extension. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that this Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

8. Given the complexity of the investigation, and the additional reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient. The United States estimates that a 60-day extension from the current expiration date of August 18, 2008, to and including October 17, 2008, will be sufficient time within which to return an indictment in this matter.

9. Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex; [and]

> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iv).

10. The government respectfully submits that the 60-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the investigation involves factors warranting an extension of time (as cited in the government's Attachment). The government cannot complete its investigation and appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act as currently extended.

11. Mr. Streicker, one of the attorneys for the defendant, has advised the undersigned that he agrees with this motion.

12. As noted above, the defendant is not in custody.

WHEREFORE, the United States respectfully requests a 60-day extension of time from August 18, 2008, to and including October 17, 2008 in which to seek an indictment in this case.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By:   /s/ Barry A. Miller
    BARRY A. MILLER
    Assistant United States Attorney
    United States Attorney's Office
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 886-1325

Dated: August 2, 2008